409 F.2d 665
 BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT 20, MUSKOGEE, OKLAHOMA; Natalie Sams and F. Clarence Sams, minors who sue by their parents, Mr. and Mrs. Nathan Sams, and Mr. and Mrs. Nathan Sams, individually; Thomas Buckley, Robert Buckley and John Buckley, minors who sue by their parents, Mr. and Mrs. William A. Buckley, and Mr. and Mrs. William Buckley, individually; Jennifer Parker, a minor who sues by her parents, Mr. and Mrs. Kenneth Parker, and Mr. and Mrs. Kenneth Parker, individually; and the Class of all those School Districts, School Children, Parents and Property Owners in the State of Oklahoma who are Similarly Situated with the above Named Plaintiffs, Plaintiffs-Appellants,
v.
STATE OF OKLAHOMA; State of Oklahoma ex rel. the Commissioners of the Land Office; Jack Blackwell, the County Treasurer of Oklahoma County; Jim Parkinson, the County Treasurer of Tulsa County; and Oscar Thomas, the County Treasurer of Muskogee County, in their official capacities and representing the class of all County Treasurers of Oklahoma, Defendants-Appellees, and
Board of Education of Independent School District 1, Sulphur, Oklahoma, et al., Intervenors-Appellees.
 No. 89-68.
 United States Court of Appeals Tenth Circuit.
 April 14, 1969.
 Rehearing Denied May 5, 1969.
 
 Tom R. Mason, Muskogee, Okl., and Maurice H. Merrill, Norman, Okl. (Norman & Wheeler and Bonds, Matthews & Mason, Muskogee, Okl., were with them on the brief), for plaintiffs-appellants.
 Bert Barefoot, Jr., Oklahoma City, Okl. (C. J. Engling, Asst. Atty. Gen. for State of Oklahoma, was with him on the brief), for defendants-appellees.
 John A. Claro, Oklahoma City, Okl. (Bert Barefoot, Jr., Edward H. Moler and Barefoot, Moler, Bohanon & Barth, Oklahoma City, Okl., were with him on the brief), for intervenors-appellees other than Independent School Dist. 1 of Tulsa County, Okl.
 C. H. Rosenstein, Tulsa, Okl. (Rosenstein, Livingston, Fist & Ringold, Tulsa, Okl., were with him on the brief), for intervenor-appellee Independent School Dist. 1 of Tulsa County, Okl.
 Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 The claim of the plaintiffs-appellants is that Oklahoma treats them unequally in the distribution of taxes collected for school purposes from utilities operating in more than one county. Jurisdiction is asserted under 28 U.S.C. § 1343(3) in that plaintiffs are deprived of the equal protection guaranteed by the Fourteenth Amendment. A three-judge district court was requested and denied. The trial court dismissed the action for lack of subject-matter jurisdiction and this appeal followed.
 
 
 2
 The action was brought by the Board of Education of a Muskogee, Oklahoma, school district and by parents and taxpayers suing in their own behalf and in behalf of their school children. The defendants are the State of Oklahoma and various state and local officials whose duties relate to the collection and distribution of taxes. Several school districts were permitted to intervene on the side of the defendants.
 
 
 3
 The allegations of the complaint are these. The Oklahoma Constitution, Art. X, § 12a, provides that taxes on utilities operating in more than one county "shall be paid into the Common School Fund * * * of this State." In Linthicum v. School District No. 4 of Choctaw County, 49 Okl. 48, 149 P. 898, the Oklahoma Supreme Court held that this constitutional provision was not self-executing and that in the absence of legislation the county treasurers could not pay into the Common School Fund the mentioned taxes. The Oklahoma legislature has not enacted the necessary implementing legislation. This failure deprives the plaintiffs of equal protection because the children are denied an equal opportunity for education, because the individual taxpayers are required to pay more taxes, and because the school district is denied its "equalized share of the school ad valorem taxes," assured by Art. X, § 12a. The plaintiffs seek a decree enjoining the county treasurers from paying taxes collected on utilities operating in more than one county to the local school districts, directing the state legislature to enact implementing legislation, and, in the event of such legislation, ordering the Commissioners of the Land Office to apportion and distribute the taxes throughout the state as other "Common School Funds."
 
 
 4
 A single judge may dismiss for lack of subject-matter jurisdiction and his determination is made on the basis of the allegations of the complaint. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. His refusal to convene a three-judge court may be reviewed by the court of appeals. Idlewild Bon-Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794. If the trial court was correct in holding that subject-matter jurisdiction is not alleged, there is no need of pursuing further the question of the need for a three-judge court.
 
 
 5
 The complaint before us does not attack the constitutionality of any state statute or of any administrative order. The claims are (1) the decision in Linthicum v. School District No. 4 of Choctaw County, 49 Okl. 48, 149 P. 898, that § 12a of the Oklahoma Constitution is not self-executing is wrong, and (2) accepting Linthicum, the state legislature has denied the plaintiffs equal protection by not implementing § 12a. If the complaint is read liberally, it can be taken as an over-all attack on the Oklahoma system of distribution of school funds. If such is the intent, we do not know what law or what official act is relied on as a denial of equal protection.
 
 
 6
 The plaintiffs say that the apportionment decisions, e. g. Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663, and Moss v. Burkhart, W.D.Okl., 220 F. Supp. 149, support their right to a three-judge district court. In those cases the constitutionality of specific state apportionment statutes was attacked. Other decisions cited by plaintiffs are similarly distinguishable. In Sailors v. Board of Education of County of Kent, 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed.2d 650, the charge was that a state statute was unconstitutional. Flast v. Cohen, Secretary of Health, Education, and Welfare, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947, was concerned with the constitutionality of a federal statute. King, Commissioner, Department of Pensions and Security v. Smith, 392 U. S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118, related to the constitutionality of a state regulation.
 
 
 7
 The decision in Linthicum that § 12a is not self-executing is an interpretation by the highest court of Oklahoma of the constitution of that state. It is conclusive on the point and is binding on us. Senn v. Tile Layers Protective Union, Local No. 5, 301 U.S. 468, 477, 57 S.Ct. 857, 81 L.Ed. 1229. The claim that Linthicum was decided wrongly goes to the construction of the state constitution and does not deny a federal constitutional right. We cannot overturn Linthicum.
 
 
 8
 The failure of the legislature to implement § 12a is not the denial of a right, privilege, or immunity secured by the Constitution of the United States. No allegation of the complaint charges that any plaintiff, any group of plaintiffs, or any class which they claim to represent have been discriminated against in the collection and distribution of tax moneys because of race, color, religion, or any other personal attribute. Absent such allegations, the claim is simply that they want a different allocation of the public revenues. In Allied Stores of Ohio, Inc. v. Bowers, Tax Commissioner of Ohio, 358 U.S. 522, 526, 79 S.Ct. 437, 440, 3 L.Ed.2d 480, the Supreme Court said that when the states are dealing with their proper domestic concerns and do not entrench on federal prerogatives or violate the guaranties of the federal constitution, they "have the attribute of sovereign powers in devising their fiscal systems to ensure revenue and foster their local interests." See also Thompson v. Allen County, 115 U.S. 550, 555 and 556, 6 S.Ct. 140, 29 L. Ed. 472.
 
 
 9
 The question of whether taxes collected from utilities operating in more than one county should be used in the county where the property is located or distributed generally on some basis to all the counties of the state presents a policy matter for determination by the state — not by the federal judiciary. See McInnis v. Shapiro, N.D.Ill., 293 F.Supp. 327, affirmed sub nom. McInnis v. Ogilvie, 394 U.S. 322, 89 S.Ct. 1197, 22 L.Ed.2d 308. The use of taxes in the county where the taxed property is located does not, of itself, constitute an invidious discrimination or unreasonable classification. We agree with the trial court that subject-matter jurisdiction is not present.
 
 
 10
 The trial court dismissed the State of Oklahoma as a defendant on the ground of sovereign immunity and no express consent to suit. The action was correct. Hamilton Manufacturing Company v. Trustees of the State Colleges in Colorado, 10 Cir., 356 F.2d 599, 601, and cases there cited.
 
 
 11
 Affirmed.