**Herbert Loyd LINDAUER, Plaintiff,**

v.

**The OKLAHOMA CITY URBAN RENEWAL AUTHORITY, a Public Body Corporate, and its Board of Commissioners composed of W. M. Harrison, F. D. Moon, R. A. Hunter, Jim Lookabaugh and Harvey Everest, Defendants.**

**No. 70-244 Civ.**

United States District Court, W. D. Oklahoma.

May 20, 1970.

Ted R. Fisher, Tulsa, Okl., for plaintiff.

James D. Batchelor, Jerry L. Salyer, John W. Swinford, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

Plaintiff has applied to this Court for the creation of a three judge court under the provisions of 28 U.S.C.A. § 2281 et seq. Plaintiff claims that Title 11, Oklahoma Statutes Sections 1601 to 1620

inclusive, the Oklahoma Urban Development Law for cities of over 100,000 population, are unconstitutional and that their enforcement against him in taking certain properties situated in Oklahoma City, Oklahoma and belonging to him denies him the equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution. In this connection, it is Plaintiff's contention that the above laws do not afford the citizens of Oklahoma City, Oklahoma the right to vote on the exercise of the authority or powers of the Urban Renewal Authority (the exercise of said authority or powers is left to the local governing body of Oklahoma City) whereas, both Title 11, Oklahoma Statutes Sections 1651 to 1670 inclusive, the Oklahoma Urban Development Act for cities of 10,000 to 100,000, and Title 11, Oklahoma Statutes Sections 1701 to 1718 inclusive, the Oklahoma Urban Development Act of 1961 for cities of 10,000 or less, provide that before the exercise of the authority or powers of the Urban Renewal Authority, the approval thereof shall be by resolution of the local governing board of the city involved and a majority vote of the qualified property tax paying voters of the city at an election held for that purpose. Thus, Plaintiff complains that he has no vote as a citizen of Oklahoma City (which has a population over 100,000) but that citizens of other cities in Oklahoma with a population below 100,000 have a vote as to whether the authority and powers of the Urban Renewal Authority shall be exercised. Plaintiff makes no attack on the three population classifications in the three laws above set out, but only attacks his lack of vote, claiming that this denies him the equal protection of the laws.

■ This Court is required, as a separate judicial and jurisdictional function, to determine whether this case may be adjudicated by a three judge court or if it may be adjudicated by a single judge court. The request for a three judge court is more than a ministerial act and involves judicial discretion, as an improvident designation will result in a considerable waste of time and energy of the judges, counsel and litigants. Miller v. Smith, 236 F.Supp. 927 (Pa. 1964).

■ The determination by this Court whether a three judge court should be requested depends, inter alia, on whether Plaintiff has raised a substantial federal constitutional question. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Ex parte Poresky, 290 U.S. 30, 78 L.Ed. 152, 54 S.Ct. 3 (1933); Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962).

■ The Court concludes that the Plaintiff has not raised a substantial federal constitutional question in his Complaint. The Plaintiff could have a constitutional complaint if he had been improperly disenfranchised as one among the several voters of Oklahoma City. But no one in Oklahoma City votes under the law involved and Plaintiff is not a voter in any of the smaller cities of Oklahoma, would have no right to vote in any of said cities and is not denied the equal protection of the laws because they vote regarding their exercise of the authority and powers of the Urban Renewal Authority and the people of Oklahoma City do not vote regarding their exercise of said authority and powers. It is obvious that there is no relationship between the vote of the Plaintiff in Oklahoma City and the vote of a citizen of one of the smaller cities of Oklahoma.

The validity and constitutionality of urban renewal type legislation has been upheld by the United States Supreme Court, Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954), and the only legal point asserted by the Plaintiff in his Complaint, namely, citizens of Oklahoma City do not vote on exercising urban renewal authority whereas citizens of smaller cities do vote on the issue, has also been considered by the courts with universal results adverse to the Plaintiff. See Kramer v. Union Free School District, Note 7, 395 U.S. 621, 89

S.Ct. 1886, 23 L.Ed.2d 583 (1969); Isaacs v. Oklahoma City, 437 P.2d 229 (Okl.1967), cert. den. 389 U.S. 825, 88 S.Ct. 63, 19 L.Ed.2d 79 (1967); City of Kansas City v. Robb, 183 Kan. 834, 332 P.2d 520 (1958).

Plaintiff's request for a three judge court is denied as a substantial federal question is not presented by the Plaintiff in his Complaint.