BELLE FOURCHE IRRIGATION DIST., Respondent
v.
SMILEY, Appellant

(204 N.W.2d 105)

(File No. 11099. Opinion filed February 7, 1973)

Order denying petition for rehearing March 20, 1973

Kellar, Kellar & Driscoll, Lead, R. A. Smiley, Belle Fourche, for defendant and appellant.

Stephens & Brandenburg, Belle Fourche for plaintiff and respondent.

William J. Srstka, Jr., Sp. Atty. Gen., Gordon Mydland, Atty. Gen., Pierre, on the brief, for interveners.

HANSON, Justice.

This action was commenced in 1961 by the Belle Fourche Irrigation District to restrain defendant, R. A. Smiley, from diverting water from the Belle Fourche River for irrigation purposes. The State and the Water Resources Commission of the State were allowed to intervene and file a Complaint in Intervention. Following trial, the court entered findings of fact, conclusions of law and a judgment enjoining defendant from diverting waters of the Belle Fourche River except for limited irrigation purposes with a priority date of May 1, 1953. On appeal by defendant this court rendered its opinion reversing and remanding the action for the determination of a single issue, i. e., "to an adjudication of the extent of the existing rights of appellant to the use of waters of the Belle Fourche River." See Belle Fourche Irrigation Dist. v. Smiley, 84 S.D. 701, 176 N.W.2d 239. The limited remand was necessary because there was no evidence to sustain the findings of the trial court relative to priorities and quantity of water defendant could lawfully divert. Our prior opinion is referred to for a statement of the ultimate facts involved.

On remand, the parties entered into a supplemental stipulation of facts to cure the deficiency in the evidence as follows:

(1) The defendant, R. A. Smiley, has 207.8 described acres of land, and the water rights appurtenant are the subject of this action.

(2) That at all times pertinent to the subject matter of this action, and especially as of May 1, 1953, the de-

fendant, R. A. Smiley, had a pump that had a maximum capacity of 1200 gallons per minute, which converts to approximately 2.67 cubic feet per second.

(3) That at all times pertinent to this action, and especially as of May 1, 1953, the defendant was irrigating his property, shown by and limited to the land described in paragraph (1) above, at the rate of 1200 gallons per minute, which converted to approximately 2.67 cubic feet per second.

Based upon such additional facts the trial court entered its supplemental findings of fact, conclusions of law, and judgment enjoining defendant from diverting waters of the Belle Fourche River for the irrigation of real property owned by him, except defendant was determined to have a vested water right with a priority date of May 1, 1953, allowing him the right to divert not to exceed 1200 gallons of water per minute which converts to 2.67 cubic feet of water per second from the Belle Fourche River for irrigation purposes during the period May 1st to October 31st inclusive, each year, on not to exceed 207.8 acres of certain described property owned by defendant. The judgment further provided defendant's right to divert water was subject to domestic use of the public and to the prior appropriative rights of plaintiff.

Defendant has appealed from the Supplemental Judgment contending the trial court erroneously granted him a limited appropriative water right whereas he has a vested riparian right to and divert water from the Belle Fourche River for domestic and irrigation purposes by virtue of his ownership of land contiguous to the river. This riparian right, defendant asserts, became an inseparable incident of his land when it was settled; use did not create it and disuse cannot destroy it; and to deny such right deprives him of property without due process of law and without just compensation.

The same contentions were presented and considered in the prior appeal of this action. All were determined adversely to defendant. No useful purpose would be served in reviewing and restating those settled issues. See Belle Fourche Irrigation District

v. Smiley, supra, in which the conclusion of the Court is distilled in the following portion of the opinion:

> "In Knight v. Grimes, 80 S.D. 517, 127 N.W.2d 708, this court held adversely to the claim that Chapter 431, Laws 1955, specifically providing that beneficial use shall be the basis and limit to the use of underground water, is invalid. The statute there considered also recognizes and affords protection to vested rights. Plaintiff therein was at the time of passage of the statute applying underground waters to the irrigation of a four acre tract. That was a right that had under the statute become vested by reason of application to a beneficial use. This court held that the state could apply the doctrine of prior appropriation and application to beneficial use to unappropriated underground waters so long as protection was afforded to vested rights which a landowner had initiated and acquired at the time of passage of the statute. Decision in the Knight case concerned with underground waters is equally applicable to surface water."

 Our decision again upheld and gave effect to the comprehensive water law enacted in 1955 (Chap. 430, Laws 1955, now SDCL 46-1-1 et seq.), which declares "all water within the state is the property of the people of the state, but the right to the use of water may be acquired by appropriation in the manner provided by law." SDCL 46-1-3. Following the trend of several other western states the act, in effect, limits the riparian doctrine in this state to accrued rights thereunder. By nonrecognition it also prevents the accrual of unused riparian rights which have not become vested by actual appropriation to a beneficial use prior to the passage of the act. Therefore, the mere ownership of land contiguous to a stream no longer carries with it a vested right to divert water from a stream for irrigation. Appropriation and application to a beneficial use is now the basis, measure, and limit of the use of all waters in the state, SDCL 46-1-8. Accordingly, as a riparian claimant defendant's vested rights consist of those defined by SDCL 46-1-9(1) as follows:

"The right of a riparian owner to continue the use of water having actually been applied to any beneficial use on March 2, 1955 or within three years immediately prior thereto to the extent of the existing beneficial use made thereof".

■ On remand, the trial court correctly determined the extent of defendant's vested riparian right to use water from the Belle Fourche River for irrigation purposes in accordance with the above provision and granted him the right to continue using such waters for that purpose. In addition, as a riparian owner, defendant has a vested right to take and use water from the Belle Fourche River for domestic use which includes water for drinking, washing, sanitary, culinary purposes, and other ordinary household purposes; irrigation of a family garden, trees, shrubbery or orchard not greater in area than one-half acre; and stock watering. SDCL 46-1-9(2). Such use "takes precedence over all appropriative rights", SDCL 46-1-5(1).

Affirmed.

All the Justices concur.