Keith CHASTEEN, Transferee of Mojet, Inc., a Missouri Corporation, Appellant,

v.

TRANS WORLD AIRLINES, INC., et al., Appellees.

No. 74–1932.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1975.

Decided July 2, 1975.

Thomas W. Brooks, Overland Park, Kan., for appellant.

Dick H. Woods, Kansas City, Mo., for appellee, Trans World Airlines, Inc.

Harry P. Thompson, Jr., Kansas City, Mo., for appellees, Ilus W. Davis, Frank E. Brennan, and J. D. Robbins, Jr.

Daniel G. Jackson, III, Kansas City, Mo., for the City of Kansas City, Mo.

Before GIBSON, Chief Judge, BRIGHT, Circuit Judge, and KILKENNY, Senior Circuit Judge.*

PER CURIAM.

Keith Chasteen challenges on appeal the District Court's determination that his civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 is barred by res judicata and collateral estoppel principles.[1] The suit named as defendants Trans World Airlines, Inc., the City of Kansas City, Missouri, and the Mayor, City Manager, three City Council members, and the Directors of Finance and Aviation for the City of Kansas City, Missouri.

Judge Collinson's opinion fully discusses the facts and legal issues involved in this lawsuit. In short, Chasteen claims that the City of Kansas City and Trans World Airlines engaged in fraud or a conspiracy to obtain 156.69 acres of land immediately adjacent to Kansas City International Airport which Chasteen's assignor, Mojet, Inc., owned. He claims the use of the City's power of eminent domain was improper, contending that the taking of the land was for private and not public use. This very issue, which Chasteen relies upon to support his claim for additional damages, rests upon a relitigation of the City's right to condemn the property, the central issue of the state litigation. After full discovery and a hearing, the issue was determined adversely to Mojet, Chasteen's assignor in the state court litigation. Given this situation Judge Collinson correctly concluded that this attempt to relitigate the issue is barred upon principles of res judicata and collateral estoppel. *See Coogan v. Cincinnati Bar Association,* 431 F.2d 1209, 1211 (6th Cir. 1970):

> The Civil Rights Act was not designed to be used as a substitute for the right of appeal, or to collaterally attack a final judgment of the highest court of a state and relitigate issues which it decided.

As a corollary to the condemnation issue, Chasteen contends that fraudulent representations were made in answers to interrogatories filed in the state court litigation for which he should be entitled to damages. The District Court was requested to assume pendent jurisdiction over this claim. Having determined that no federal jurisdiction was

---

* The Honorable John F. Kilkenny, United States Senior Circuit Judge for the Ninth Circuit, sitting by designation.

1. The Honorable William R. Collinson, United States District Judge for the Eastern and Western Districts of Missouri, filed an unreported opinion granting defendants' summary judgment motion October 29, 1974.

present, Judge Collinson could not abuse his discretion in refusing to assume pendent jurisdiction over this fraud claim.

The District Court's grant of summary judgment for defendants is affirmed upon the basis of Judge Collinson's well-reasoned opinion.