**R. A. SMILEY and Mary H. Smiley**

v.

**STATE OF SOUTH DAKOTA et al.**

**No. CIV 76–5007.**

United States District Court,
D. South Dakota.

July 7, 1976.

Robert E. Driscoll, Jr., U. of S.D., Vermillion, S.D., William E. Anderson, R. A. Smiley, Belle Fourche, S.D., for plaintiffs.

Thomas E. Carr, Belle Fourche, William J. Janklow, Atty. Gen., State of S.D., Pierre, S.D., for defendants.

## MEMORANDUM OPINION

BOGUE, District Judge.

### INTRODUCTION

Plaintiffs filed a Complaint in this Court alleging a violation of due process of law as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States. More specifically, plaintiffs allege that the State of South Dakota; the Water Rights Commission, an agency of the State; and the Belle Fourche Irrigation Project, a corporate entity operating by the authority of the laws of South Dakota; "threaten to limit Plaintiffs' use of water under their riparian rights, unless restrained from doing so by this Court." Plaintiffs seek a preliminary and permanent injunction "prohibiting said Defendants, their officers and agents from interfering in any manner with the rights of Plaintiffs under the riparian laws of the State of South Dakota and from depriving said Plaintiffs of their established property rights without due process of law and just compensation. . . ." The relief sought under 28 U.S.C. § 2281 could only be granted by a three-judge court convened in accord with 28 U.S.C. § 2284.

Defendants moved this Court to dismiss the Complaint on two grounds: (1) lack of subject matter jurisdiction and (2) failure to state a claim upon which relief can be granted. A single judge can consider the question of subject matter jurisdiction without convening a three-judge court. *Board of Ed. of Ind. Sch. Dist. 20, Muskogee v. State of Okla.,* 409 F.2d 665, 667 (10th Cir. 1969); *Eastern States Petroleum Corp. v. Rogers,* 108 U.S.App.D.C. 63, 280 F.2d 611, 615 (1960), *cert. denied* 364 U.S. 891, 81 S.Ct. 222, 5 L.Ed.2d 187; *Ex parte Poresky,* 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933).

A single judge may also rule on a motion requesting the dismissal of the complaint on the merits. *Lindauer v. Oklahoma City Urban Renewal Authority,* 452 F.2d 117, 118 (10th Cir. 1972), *cert. denied* 405 U.S. 1017, 92 S.Ct. 1293, 31 L.Ed.2d 479, aff'd 312 F.Supp. 1361 (W.D.Okl.1970); and *Eastern States Petroleum Corp., supra* where Judge Bazelon stated:

> [T]he provision of § 2284 precluding single-judge dismissal, along with other procedural requirements of that section, becomes operative only after a three-judge court is convened. 280 F.2d at 616.

Plaintiffs agreed in a memorandum filed with this Court on June 4, 1976, that a single judge can receive and consider defendants' motion to dismiss; hence, in accord with the precedent cited, *supra,* this Court heard arguments on the motion to dismiss.

### FACTS AND PROCEDURAL HISTORY

By accepting the Plaintiffs' allegations as fact and by reference to the South Dakota statutes and decisions therein cited, the following synopsis [1] can be constructed. Plaintiffs are residents of Butte county, South Dakota, and have for many years, including years prior to 1955, been engaged in farming and ranching about four miles west of the town of Belle Fourche. About five hundred (500) acres are under cultivation, and about two hundred twenty (220) acres have long been irrigated by waters of the Belle Fourche River; the irrigation of these acres began at a time prior to 1955; continued during a three-year period immediately preceding 1955 and continued thereafter. All irrigated acres are riparian to the Belle Fourche River.

Reference has been made to the year 1955 because in that year the South Dakota Legislature enacted a comprehensive revision of the state's water law. Sections of that 1955 legislation relevant to the present controversy are contained in S.D.C.L. § 46–1–9 wherein "vested rights" are defined as follows:

1. *See Belle Fourche Irrigation District v. Smiley,* 84 S.D. 701, 176 N.W.2d 239 (1970) for a comprehensive outline of the facts underlying the controversy.

(1) The right of a riparian owner to continue the use of water having actually been applied to any beneficial use on March 2, 1955 or within three years immediately prior thereto to the extent of the existing beneficial use made thereof;

(2) Use for domestic purposes as that term is defined in § 46–1–6;

(3) The right to take and use water for beneficial purposes where a riparian owner was engaged in the construction of works for the actual application of water to a beneficial use on March 2, 1955, provided such works shall be completed and water is actually applied for such use within a reasonable time thereafter . . ..

On the basis of the 1955 legislation the Belle Fourche Irrigation District filed an action in state court in 1961 to enjoin defendants (plaintiffs herein) from diverting or using any water from the Belle Fourche River for irrigation purposes. The State of South Dakota and the Water Resources Commission (now the Water Rights Commission) were allowed to intervene. After a trial on the merits the Court of the Eighth Judicial Circuit entered a judgment enjoining defendants (plaintiffs here) from diverting or using waters of the Belle Fourche River except for limited irrigation purposes. This limited water right had a priority date of May 1, 1953.

This judgment was appealed to the Supreme Court of South Dakota. *Belle Fourche Irrigation District v. Smiley,* 84 S.D. 701, 176 N.W.2d 239 (1970). The Supreme Court concluded that the findings were not sustained by the record and remanded the case for determination of a single issue; namely, the extent of the existing rights of appellant to the use of water of the Belle Fourche River. *See* 176 N.W.2d at 246 for the Supreme Court's reasons as to the inadequacy of the record.

On October 27, 1971, the trial court filed a supplemental judgment granting defendants (plaintiffs here) a water right with a priority date of May 1, 1953. The right specifically allows plaintiffs to divert an amount of water not to exceed twelve hundred (1,200) gallons per minute or approximately 2.67 cubic feet per second from the Belle Fourche River for irrigation purposes during a period to run from May 1st to October 31st, inclusive. The water is to be used on no more than 207.8 acres of certain described real property. In addition, this water right is subject to the prior appropriative rights of the Belle Fourche Irrigation District and any other water rights which are prior or superior by virtue of state appropriation laws.

Plaintiffs (defendants in the state action) appealed a second time to the Supreme Court of South Dakota contending that the supplemental judgment was based on legal error because it granted only a qualified appropriative water right, whereas plaintiffs claimed a vested riparian right as in inseparable incident of the land. Plaintiffs pleaded and argued to the Supreme Court that the state trial court by its rulings had taken property without compensation and without due process of law as guaranteed by Article 5 and Article 14 of the Amendments to the United States Constitution.

The Supreme Court decided that the trial court in its supplemental judgment had correctly determined the extent of plaintiffs' vested right in accordance with the 1955 legislation. *Belle Fourche Irrigation District v. Smiley,* 204 N.W.2d 105 (1973). The Court stated in regard to that legislation:

[T]he act, in effect, limits the riparian doctrine in this state to accrued rights thereunder. By nonrecognition it also prevents the accrual of unused riparian rights which have not become vested by actual appropriation to a beneficial use prior to the passage of the act. Therefore, the mere ownership of land contiguous to a stream no longer carries with it a vested right to divert water from a stream for irrigation. Appropriation and application to a beneficial use is now the basis, measure, and limit of the use of all waters in the state . . .. 204 N.W.2d 107, 108.

The South Dakota Supreme Court, fully cognizant of the constitutional issues being

raised, made a final determination adverse to the plaintiffs now before this Court. In making their determination the Court decided that the application of South Dakota water law to plaintiffs although it limited their riparian rights, did not violate due process.

## QUESTIONS

Defendants' arguments for dismissal raise two legal questions:

(1) WHETHER A FEDERAL DISTRICT COURT HAS SUBJECT MATTER JURISDICTION WHEN AN ACTION BROUGHT UNDER 28 U.S.C. § 1343(3) RAISES THE SAME CONSTITUTIONAL QUESTIONS THAT HAVE BEEN RULED ON BY A STATE APPELLATE COURT IN A PRIOR CASE BETWEEN THE SAME PARTIES?

(2) WHETHER A FEDERAL DISTRICT COURT IS PRECLUDED BY THE DOCTRINE OF *RES JUDICATA* FROM ADJUDICATING CLAIMS WHICH HAVE BEEN RULED UPON BY A STATE APPELLATE COURT?

## CONCLUSIONS

This Court concludes that defendants' motion to dismiss must be granted for lack of jurisdiction. Even if there were jurisdiction, the motion would be granted for failure to state a claim upon which relief could be granted.

## RATIONALE

A. *Jurisdiction*

Plaintiffs allege jurisdiction on the basis of 28 U.S.C. § 1343 which states in relevant part:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States . . ..

Plaintiffs specifically allege deprivation of a property right under color of state law; as such it would initially seem that they state a claim cognizable in federal court.

There is, however, compelling authority to the contrary. In *Goodrich v. Supreme Court of State of South Dakota,* 511 F.2d 316 (8th Cir. 1975), the Eighth Circuit, in affirming a dismissal on the basis of *res judicata,* stated:

In *Jones v. Hulse,* 391 F.2d 198 (8th Cir. 1968), cert. denied, 393 U.S. 889, 89 S.Ct. 206, 21 L.Ed.2d 167 (1968) . . . we declined to entertain an action alleging violations of 42 U.S.C. § 1983 where the claims raised had been previously decided by the state court on the ground that federal courts are without jurisdiction to review, in an appellate capacity, state courts. 511 F.2d at 318, n. 8.

In *Jones v. Hulse,* appellant had sought to challenge in district court a judgment of the Missouri Supreme Court on due process grounds. In affirming the dismissal for lack of federal jurisdiction the Eighth Circuit cited *Rooker v. Fidelity Trust Company,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and quoted the following pronouncement of the United States Supreme Court:

If the constitutional questions stated in the . . . [complaint] actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication. [citations omitted] Under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify the judgment for errors of that character. . . . To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original. 263 U.S. at 415–416, 44 S.Ct. at 150.

■ Although the cases cited, *supra,* deal with attorneys protesting disciplinary proceedings, we conclude that the Eighth Circuit, based on the principle of *Rooker,* has enunciated a rule of law that compels dismissal for lack of jurisdiction when a claim, otherwise cognizable in federal court, has been adjudicated first in state court. Accord. *Anderson v. Lecon Properties, Inc.,* 457 F.2d 929 (8th Cir. 1972) *cert. denied,* 409 U.S. 879, 92 S.Ct. 132, 34 L.Ed.2d 133 (1972); *Tang v. Appellate Division of N.Y. Supreme Court, First Dept.,* 487 F.2d 138 (2nd Cir. 1973), *cert. denied* 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974); *Atchley v. Greenhill,* 517 F.2d 692 (5th Cir. 1975).

■ Plaintiffs have brought a claim which fits the language of 28 U.S.C. § 1343(3), and they do intend to invoke this Court's original jurisdiction; the complaint is not cast in the form of an appeal. Nevertheless, no matter how the complaint is worded, it is in substance an appeal. It is an attempt to have this Court examine and rule upon a question that has already been before the South Dakota Supreme Court. Any attempt by this Court to adjudicate this matter on the merits would be essentially an exercise in reviewing the South Dakota Supreme Court on a question of constitutional law. For this reason a federal district court is precluded by case law from assuming jurisdiction over this matter.

## B. *Res Judicata*

■ Even if this Court did have jurisdiction, we would be compelled to dismiss the suit on the basis of *res judicata.* "Res judicata" means literally "a matter adjudged; a thing judicially acted upon or decided; a thing or matter settled by judgment." *Black's Law Dictionary,* 4th Ed. (1968). *Res judicata* involves at least two distinct facets: (1) claim preclusion and (2) issue preclusion. *Towle v. Boeing Airplane Company,* 364 F.2d 590, 592 (8th Cir. 1966). The doctrine of claim preclusion can be reduced to this:

Whenever a court having jurisdiction has rendered a final judgment upon the mer-

its of a cause of action, that judgment is binding upon the parties and their privies not only as to every matter that was litigated but also to every matter which could have been litigated. In the event of subsequent litigation upon the same cause of action, the parties and their privies are precluded from receiving relief. *Towle v. Boeing,* 364 F.2d at 592.

■ The principle of *res judicata* known as claim preclusion prevents a federal district court from entertaining an action adjudicated in state court even though the claim challenges the constitutionality of the state court's action. *Chasteen v. Trans World Airlines,* 520 F.2d 714 (8th Cir. 1975); *Goodrich v. Supreme Court of State of South Dakota, supra; Hanson v. Hunt Oil Company,* 505 F.2d 1237 (8th Cir. 1974); *Howe v. Brouse,* 422 F.2d 347 (8th Cir. 1970); *Jenson v. Olson,* 353 F.2d 825 (8th Cir. 1965); *Towle v. Boeing Airplane Co., supra.* Accord. *Coogan v. Cincinnati Bar Association,* 431 F.2d 1209 (6th Cir. 1970); *Roy v. Jones,* 484 F.2d 96 (3rd Cir. 1973).

■ *Res judicata,* as recognized numerous times by the Supreme Court, rests upon considerations of judicial economy and the public policy favoring certainty in legal relations. *e. g. Sea-Land Services, Inc. v. Gaudet,* 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974); *Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948). Litigation has to be brought to an end no matter how frustrated a party may be; thus a party cannot elect to litigate in state court and, after adverse results, start again in the federal system.

In this case now before the Court, the Complaint on its face reconstructs a history of litigation between the same parties on the same issues. They have been to the South Dakota Supreme Court twice. The argument that the state trial court's supplemental judgment violates due process as guaranteed by the United States Constitution not only could have been but was presented. *See Belle Fourche Irrigation District v. Smiley,* 204 N.W.2d 105, 107 (1973). The South Dakota Supreme Court,

having been presented with the constitutional argument, ruled adversely to the plaintiffs who now seek to invoke the aid of this Court.

■ Defendants have raised by motion the issue of *res judicata* and rightly contend that the Complaint reveals a bar to relief. This is a classic example of that facet of *res judicata* known as claim preclusion. This Court, therefore, has concluded that the complaint has not set out a claim upon which relief can be granted.

After the matter was decided adversely to plaintiffs by the South Dakota Supreme Court they had one and only one avenue of review; *i. e.* an application for a writ of certiorari from the United States Supreme Court.

For the reasons herein enumerated, defendants' motion to dismiss must be and hereby is granted.