R. A. SMILEY and Mary H. Smiley, Appellants,

v.

STATE OF SOUTH DAKOTA et al., Appellees.

No. 76–1710.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 18, 1977.

Decided March 24, 1977.

James P. Hurley, Rapid City, S. D., argued and on briefs, for appellants.

William J. Janklow, Atty. Gen. and Warren R. Neufeld (argued), Pierre, S. D., on brief for State of South Dakota and Water Rights Commission of the State of South Dakota.

Thomas E. Carr, Belle Fourche, S. D., on brief for Belle Fourche Irrigation District, Inc.

Before CLARK, Associate Justice, Retired,* MATTHES, Senior Circuit Judge, and HEANEY, Circuit Judge.

PER CURIAM.

R. A. Smiley and Mary H. Smiley, his wife, filed a complaint in the United States District Court for the District of South Dakota against the state of South Dakota, Water Rights Commission of the State of South Dakota, and Belle Fourche Irrigation District, a corporation, seeking to enjoin defendants from depriving plaintiffs of their vested riparian rights without due process of law and just compensation.

Plaintiffs alleged that a judgment of the South Dakota trial court limiting their vested riparian rights under the revised South Dakota water law, S.D.C.L. § 46–1–9, deprived them of their rights under "Articles 4, 5 and 14 of the Amendments to the Constitution of the United States." Jurisdiction was invoked pursuant to 28 U.S.C. §§ 1343(3), 2281 and 2284.

The defendants filed a motion to dismiss the action on two grounds: (1) lack of jurisdiction of the subject matter; and (2) the failure of the complaint to state a claim upon which relief may be granted. The parties filed briefs and presented oral arguments addressed to the questions presented by the motion to dismiss. The district court filed an opinion in due course and, for the reasons stated therein, granted defendants' motion and dismissed the action. *See Smiley v. South Dakota*, 415 F.Supp. 870 (D.S. D.1976). More specifically, the district

court held that plaintiffs' federal constitutional claim had been finally adjudicated by the Supreme Court of South Dakota in *Belle Fourche Irrigation District v. Smiley*, 84 S.D. 701, 176 N.W.2d 239 (1970) and in *Belle Fourche Irrigation District v. Smiley*, 204 N.W.2d 105 (1973). Relying on a series of cases commencing with *Rooker v. Fidelity Trust*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), the court concluded that inasmuch as plaintiffs' claim had been previously decided by the Supreme Court of South Dakota, it lacked jurisdiction to review in an appellate capacity the decisions of the South Dakota Supreme Court. The district court stated,

> Under the legislation of Congress, no court of the United States other than [the United States Supreme Court can] entertain a proceeding to reverse or modify the judgment for errors of character. . . . To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original.

*Smiley v. South Dakota*, 415 F.Supp. 870, 874 (D.S.D.1976), *citing Rooker v. Fidelity Trust, supra* at 416, 44 S.Ct. 149.

The district court concluded, as an alternative ground for its ultimate decision that even if it possessed subject matter jurisdiction, it would be compelled to dismiss the suit on the basis of res judicata.

The events which precipitated this ongoing litigation are fully discussed in the two opinions by the Supreme Court of South Dakota cited above and in the opinion of the district court. Further discussion is unnecessary to a resolution of the issues presented in this appeal.

■ We are in full accord with the district court's disposition of this action and its reasons therefor as enunciated in its opinion. The opinions of the Supreme Court of South Dakota, the complaint filed by plaintiffs in this case, the briefs filed by plain-

* The Honorable Tom C. Clark, Associate Justice, Retired, Supreme Court of the United States, sitting by designation.

tiffs in opposition to defendants' motion to dismiss, and the brief filed by plaintiffs in our court conclusively demonstrate that the Supreme Court of South Dakota considered and decided the same federal constitutional claims alleged in the district court.

■ At no time did plaintiffs request leave to file an amended complaint in the district court to allege a deprivation of their civil rights under 42 U.S.C. § 1983. Nonetheless, plaintiffs request in their brief that we permit them to file an amended complaint invoking the jurisdiction of the court under § 1983. At oral argument, plaintiffs' counsel stated that under the doctrine of *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), he entertained grave doubts as to whether a claim for relief could be stated under § 1983, but nevertheless persisted in seeking a remand to the district court for a hearing on the merits. Having concluded that the plaintiffs cannot prevail on any theory in the United States District Court, we are not persuaded to prolong this litigation by remanding the action.

We agree with the district court that after the said litigation was decided adversely to plaintiffs by the Supreme Court of South Dakota, they had one and only one avenue of review: "i. e. an application for a writ of certiorari from the United States Supreme Court." 415 F.Supp. at 876. Having failed to avail themselves of that procedure, plaintiffs cannot relitigate the issue in the federal courts by an original action.

We affirm on the basis of the district court's soundly reasoned opinion.