Robert D. MILLER, Appellant,

v.

HAMLINE UNIVERSITY SCHOOL OF LAW, a Non Profit Organization, et al., Appellees.

No. 79–1118.

United States Court of Appeals, Eighth Circuit.

Submitted July 16, 1979.

Decided July 20, 1979.

---

Robert D. Miller, pro se.

James H. Geraghty and David C. Hutchinson, Geraghty, O'Loughlin & Kenney, St. Paul, Minn., on brief, for appellees.

Before GIBSON, Chief Judge, VOGEL, Senior Circuit Judge, and BRIGHT, Circuit Judge.

PER CURIAM.

Plaintiff was expelled from the Hamline University School of Law and denied readmission for failure to make passing grades. He sued in both state and federal court initially seeking both damages and extraordinary relief, but eventually asking only that he be reinstated and allowed another chance to bring his grades up to required standards.

The United States District Court for the District of Minnesota[1] dismissed plaintiff's federal suit on December 26, 1978, and plaintiff appeals, claiming Hamline University School of Law deprived him of his constitutional right of due process in dismissing him for failure to meet academic standards. The federal district court made the following findings:

> In the fall of 1974, plaintiff Robert Miller enrolled in the Midwestern School of Law which subsequently through a merger in 1975, became Hamline University School of Law. During the 1974–75 school year plaintiff experienced academic difficulties and compiled a grade point average of only 1.76 on a 4.0 scale. Thereafter, prior to commencement of the 1975–76 academic year, plaintiff was notified by letter that he was being placed on academic probation and would be dismissed from the law school at the end of the first semester of the new year unless his cumulative grade point average was raised to a 2.0. After completion of the first semester, plaintiff's grade point was still below 2.0. Due to administrative delays, however, Hamline failed to notify plaintiff of this fact until after he had registered for the second semester. Accordingly, plaintiff was permitted to complete the 1975–76 school year. When at the end of the year plaintiff's grade point average had risen only to 1.83, Hamline notified plaintiff that he would not be permitted to return to school that fall. Following this notification of dismissal, plaintiff made a formal request for readmission to the law school. After reviewing plaintiff's application for misgrading by two Hamline law professors, the Admissions Committee denied plaintiff's application. In accordance with the academic rules of the law school, this decision was reviewed by the Dean before the dismissal became final. *Miller v. Trustees of Hamline University*, No. 3–77–Civ. 254 (D.Minn. December 26, 1978) (memorandum order).

1. The Honorable Earl R. Larson, United States Senior District Judge.

Plaintiff's basis for claiming denial of due process is that he was not allowed to appear before the board at a formal hearing.[2] A claim that students are entitled to a formal hearing prior to dismissal was recently presented to and rejected by the Supreme Court. *Board of Curators v. Horowitz*, 435 U.S. 78, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978). In *Horowitz*, the Court pointed out (1) less stringent procedural requirements are called for when dismissal is based on academic rather than disciplinary reasons, (2) "[c]ourts are particularly ill-equipped to evaluate academic performance . . . [and this and other factors] warn against any such judicial intrusion into academic decisionmaking," and (3) "a hearing is not required by the Due Process Clause of the Fourteenth Amendment." *Id.* at 86 n. 3, 92, 98 S.Ct. at 953.

In the instant case, plaintiff was informed of his grade deficiency and impending dismissal, his dismissal was for academic failure, he was allowed to present and support in writing his request for readmission, and he was given the opportunity to privately contact the Admissions Committee members. We have considered all of plaintiff's claims and agree with the federal district court that plaintiff was not denied due process.[3] The judgment of the district court should be and hereby is affirmed.[4]

---

2. Plaintiff was denied the opportunity to appear before the Admissions Committee at a formal hearing, but he did talk informally with each member of the committee and he was allowed to submit a written presentation to the committee.

3. Plaintiff's substantive allegations of grading and exam irregularities in certain classes and the denial of tutorial assistance were considered and rejected by the Minnesota State District Court [*Miller v. Hamline University School of Law*, No. 422705 (Ramsey County, Minnesota District Court, November 9, 1978) (Gingold, J.) (memorandum and order)], and the district court could have dismissed those

claims solely on grounds of res judicata. *See Oldham v. Pritchett*, 599 F.2d 274, 276–277 (8th Cir.1979); *Roach v. Teamsters Local Union No. 688*, 595 F.2d 446 (8th Cir. 1979); *Robbins v. District Court of Worth County, Iowa*, 592 F.2d 1015 (8th Cir. 1979); *Gatzemeyer v. Vogel*, 589 F.2d 360 (8th Cir. 1978); *Smiley v. State of South Dakota*, 415 F.Supp. 870, 875–76 (D.S.D. 1976), *aff'd*, 551 F.2d 774 (8th Cir. 1977).

4. *See generally Hubbard v. John Tyler Community College*, 455 F.Supp. 753 (E.D.Va.1978); *Jansen v. Emory University*, 440 F.Supp. 1060 (N.D.Ga.1977), *aff'd*, 579 F.2d 45 (5th Cir. 1978).