Morris McCORVEY, Plaintiff,

v.

STATE INSURANCE FUND, Workers' Compensation Court of the State of Oklahoma, Kate Bernard Community Center Department of Corrections of the State of Oklahoma, and The Supreme Court of the State of Oklahoma, Defendants.

No. CIV-81-615-D.

United States District Court, W. D. Oklahoma.

Sept. 17, 1981.

---

**6**

Jamie Pitts, Oklahoma City, Okl., for plaintiff.

Catherine A. Gatchell, Oklahoma City, Okl., for defendant State Ins. Fund.

Jan Eric Cartwright, Atty. Gen., by John F. Percival, Asst. Atty. Gen., Oklahoma City, Okl., for defendants Workers' Compensation Court, Kate Bernard Community Center and The Supreme Court of the State of Oklahoma.

## ORDER GRANTING SUMMARY JUDGMENT

DAUGHERTY, Chief Judge.

This is an action by Plaintiff seeking damages for Defendants' alleged deprivation of Plaintiff's rights to equal protection of law. It is asserted that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343. Defendants The Supreme Court of the State of Oklahoma, Workers' Compensation Court of the State of Oklahoma and the Kate Bernard Community Center of the Department of Corrections of the State of Oklahoma have filed herein a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Said Motion is

1. As matters outside the pleadings have been presented to and not excluded by the Court in connection with this Motion to Dismiss, the Court will treat said Motion as one for summa-

supported by a Brief and several exhibits, and Plaintiff has filed a Brief in response thereto wherein he acknowledges that Defendants The Supreme Court of the State of Oklahoma and the Workers' Compensation Court of the State of Oklahoma are improper parties from whom to seek damages in this action.[1] Also before the Court is a Motion to Dismiss filed by Defendant State Insurance Fund wherein said Defendant seeks dismissal of Plaintiff's action for lack of subject matter jurisdiction. Plaintiff has filed a Brief in opposition to said Motion. The instant Motions were set for hearing on August 6, 1981, at which all parties were present through counsel.

Defendants assert in their respective Motions that Defendants Workers' Compensation Court and Supreme Court of Oklahoma acted within their jurisdictional limits and are thus immune from the instant suit and further assert that the entire action should be dismissed as the issues involved herein have been previously litigated in the Workers' Compensation and State Supreme Courts. Finally, Defendants assert that Plaintiff is in effect appealing the decision of the State Courts to this Court, and this Court has no jurisdiction to hear such an appeal.

Plaintiff responds that the equal protection argument in this action was never presented in the state courts and as such is not barred from now being litigated.

It appears from the record before the Court that Plaintiff is a prisoner in the State of Oklahoma's correctional facilities and was working for the Kate Bernard Treatment Center as a driver taking other prisoners to and from their work release jobs. Plaintiff was injured in an accident and filed for Workers' Compensation. The Workers' Compensation Court originally awarded Plaintiff $4,500.00 but later the Court *en banc* reversed said award, holding the Plaintiff was not an employee within the meaning of the Oklahoma Workers'

ry judgment under Rule 56, Federal Rules of Civil Procedure, as required by Rule 12(b), Federal Rules of Civil Procedure.

Compensation Act. Plaintiff appealed that decision to the Supreme Court of Oklahoma which affirmed the *en banc* decision of the Workers' Compensation Court. *McCorvey v. Kate Bernard Community Center*, No. 55,095 (Okla. Nov. 4, 1980). Plaintiff then filed this action alleging that the decisions of the State Courts denied him equal protection under the law.

In the instant case, Plaintiff is asking this Court to find that he is entitled to receive workers' compensation benefits for his injuries and that the decision of the Oklahoma Supreme Court which held that Plaintiff was not entitled to workers' compensation benefits has denied Plaintiff equal protection under the law. Plaintiff is obviously seeking appellate review of adverse decisions rendered by the Oklahoma Workers' Compensation Court and the Oklahoma Supreme Court.

■ The law is well settled that the federal district courts have no jurisdiction to act as appellate courts for the state courts. *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Smiley v. South Dakota*, 551 F.2d 774 (8th Cir. 1977); *Dade County Classroom Teachers Association, Inc. v. Nathan*, 413 F.2d 1005 (5th Cir. 1969); *Aristocrat Health Club of Hartford v. Chancer*, 451 F.Supp. 210 (D.Conn.1978); *Reich v. City of Freeport*, 388 F.Supp. 953 (N.D.Ill.1974), *aff'd*, 527 F.2d 666 (7th Cir. 1975).

■ If the Plaintiff feels aggrieved by the decisions of the Oklahoma Supreme Court then his remedy for an alleged constitutional violation would lie in an appeal to the United States Supreme Court and not by an action in this Court. *See Rooker v. Fidelity Trust Co., supra; Smiley v. South Dakota, supra.*

■ In view of the foregoing, this Court determines that it lacks jurisdiction to grant the relief sought by Plaintiff. Therefore, Defendant State Insurance Fund's Motion to Dismiss and the Motion for Summary Judgment of Defendants the Supreme Court of the State of Oklahoma, Workers' Compensation Court of the State of Oklaho-

ma and the Kate Bernard Community Center of the Department of Corrections of the State of Oklahoma should be granted. Accordingly, judgment should be entered dismissing Plaintiff's action against all Defendants herein.