431 F.2d 1209
 James H. COOGAN, Plaintiff-Appellant,
v.
CINCINNATI BAR ASSOCIATION, the Grievance Committee of the
Cincinnati Bar Association, the Supreme Court of Ohio,
Thomas Startzman, Clerk of the Supreme Court, the Board of
Commissioners on Grievances and Discipline of the Supreme
Court of Ohio, Robert F. Ebinger, Esquire, Carlos A.
Falkner, Esquire, Charles F. Atkinson, Esquire, Defendants-Appellees.
 No. 20713.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1970.
 
 Paul W. Brown, Atty. Gen. of Ohio, Thomas V. Martin, Asst. Atty. Gen., Columbus, Ohio, for Supreme Court of Ohio and Thomas Startzman on motion to affirm.
 John S. Wirthlin, Cincinnati, Ohio, for Cincinnati Bar Assn. and Grievance Committee of Cincinnati Bar Assn. on motion to affirm.
 Robert F. Dreidame, Cincinnati, Ohio, for Bd. of Commissioners on Grievances and Discipline, Supreme Court of Ohio and Robert F. Ebinger, Carlos A. Faulkner and Charles F. Atkinson, on motion to affirm.
 Vernon R. Brose, Otto F. Putnick, Cincinnati, Ohio, for appellant on motion in opposition to affirm.
 Before WEICK, EDWARDS and BROOKS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Coogan, who was indefinitely suspended from the practice of law by the Supreme Court of Ohio, filed suit in the District Court under the Civil Rights Act to enjoin the Supreme Court, the Clerk of the Court and its Board of Commissioners on Grievances and Discipline, and the Cincinnati Bar Association and its Grievance Committee, from enforcing the final judgment of suspension.
 
 
 2
 The District Judge granted defendants' motion to dismiss on the ground that the complaint did not state a claim upon which relief could be granted. Coogan appealed. The defendants-appellees have moved under our Rule 8 to dismiss the appeal on the ground that the questions presented are so unsubstantial as not to need further argument.
 
 
 3
 The decision of the Supreme Court of Ohio which approved the findings of fact and adopted the recommendations of its Board of Commissioners is reported in Cincinnati Bar Ass'n v. Coogan, 21 Ohio St.2d 147, 256 N.E.2d 218 (1970). The judgment of the Supreme Court of Ohio has since become final by reason of the fact that no petition for a writ of certiorari was filed by Coogan in the Supreme Court of the United States.
 
 
 4
 Coogan was represented by counsel of his own choosing in the hearings on the disbarment charges before the Board of Commissioners, but he did not personally appear before either the Board or the Supreme Court of Ohio. We are not advised whether he offered any evidence in defense of the charges. His counsel appears of record in the report of the decision of the Supreme Court above referred to. The affidavit of John S. Wirthlin, an attorney for the Cincinnati Bar Association, states that Coogan telephone him and 'told him that he was not going to appear before the Supreme Court and that he would accept any recommendation of findings the Supreme Court entered.'
 
 
 5
 It was the claim of Coogan in the District Court that he entered into an agreed suspension of practice for six months with the Cincinnati Bar Association and by reason thereof his suspension from practice by the Supreme Court constituted double jeopardy; that the Board of Commissioners erroneously admitted in evidence an affidavit of a Probate Court Referee, since deceased; and that Coogan was thereby deprived of his right of confrontation, all in violation of the Fifth and Fourteenth Amendments to the Constitution.
 
 
 6
 It is significant that in the extensive findings of fact adopted by the Commissioners there is no mention of such an agreement which Coogan asserted in the District Court. It is stated therein only:
 
 
 7
 'It was reported that the Respondent was not actually practicing law, had no office and there was some possibility of an agreement for the voluntary suspension for a period of time.'
 
 
 8
 There is no claim that the alleged agreement of suspension was offered in evidence in the hearing before the Commissioners and it is not mentioned in its findings. The Supreme Court of Ohio considered only the findings and recommendations of the Commissioners and the evidence before that Board. The Supreme Court in a five-page opinion detailed the facts of Coogan's unprofessional conduct, including his practicing a fraud on the Probate Court of Hamilton County, Ohio, in connection with the allowance of fees to a guardian and to Coogan as his attorney, and Coogan's failure to refund to the estate of the ward moneys received by him in excess of the amount allowed by the Probate Court. The Supreme Court stated:
 
 
 9
 'In addition, the respondent has refused and/or ignored all requests by the guardian and/or the court to reimburse the guardian and/or the estate for these excessive fees paid respondent; has refused to talk to the guardian, the court or anyone else and has avoided all efforts to contact respondent.' (21 Ohio St.2d at 150, 256 N.E.2d 218).
 
 
 10
 In the elaborate disciplinary procedures adopted by the Supreme Court of Ohio (175 Ohio St. XLIX, et seq.) we find no delegation of authority by the Supreme Court to a local Bar Association to disbar or suspend lawyers from the practice of law. This is exclusively the function of the Supreme Court under the procedures which it adopted.
 
 
 11
 In the findings of the Board of Commissioners there is no mention that Coogan's attorney objected to the use of an affidavit. In any event, the Supreme Court detailed sufficient facts to support suspension without resort to the affidavit.
 
 
 12
 28 U.S.C. 2283, with certain exceptions which we find not relevant here, prohibits federal courts from issuing injunctions against state court judges. We so construed the statute in Sexton v. Barry, 233 F.2d 220 (6th Cir.), cert. denied, 352 U.S. 870, 77 S.Ct. 94, 1 L.Ed.2d 76 (1956).
 
 
 13
 Taylor v. Kentucky State Bar Ass'n, 424 F.2d 478 (6th Cir. 1970), relied on by Coogan, does not support his position. That case involved alleged First Amendment violations which the Court held required an evidentiary hearing. The suit was against a Bar Association and not against the court. No final judgment of disbarment had been entered by the court. The suit was apparently to restrain harassment.
 
 
 14
 In Re Ruffalo, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968), was a direct appeal from a federal disbarment, not a state disbarment.
 
 
 15
 Coogan had an adequate remedy for review of his suspension by petitioning the Supreme Court of the United States for a writ of certiorari. He chose not to resort to that remedy.
 
 
 16
 The Civil Rights Act was not designed to be used as a substitute for the right of appeal, or to collaterally attack a final judgment of the highest court of a state and relitigate the issues which it decided.
 
 
 17
 The final judgment of the Supreme Court is conclusive and Coogan is precluded by the doctrine of res judicata from relitigating not only the issues which were actually involved in the disbarment proceeding, but also the issues which he might have presented. Burton, Inc. v. Durkee, 162 Ohio St. 433, 438, 123 N.E.2d 432 (1954).
 
 
 18
 There is no basis for relief against the local Bar Association and the Board of Commissioners. The duties of the Board of Commissioners ceased when it filed its findings of fact and recommendations with the Court. The local Bar Association has no power to change the judgment of suspension of the Supreme Court of Ohio.
 
 
 19
 The motion to affirm is granted. Rule 8 (Sixth Cir.).