**Joe T. HYDEN et al., Plaintiffs,**

**v.**

**Charles CLARK, Individually and as Superintendent of Schools of Floyd County, Kentucky, and Hon. William E. Fanning, Individually and as Special Judge of the Floyd Circuit Court, Defendants.**

**Civ. A. No. 1398.**

United States District Court,
E. D. Kentucky,
Pikeville Division.

Feb. 7, 1973.

Joe Hobson, Prestonsburg, Ky., Robert Allen Sedler, Kentucky Civil Liberties Union, Lexington, Ky., for plaintiffs.

W. W. Burchett, Prestonsburg, Ky., William E. Fanning, pro se, for defendants.

## MEMORANDUM OPINION AND ORDER

HERMANSDORFER, District Judge.

Defendants seek to dismiss an action which would inject this Court in a controversy over the operation of a county school system in Kentucky. Jurisdiction

is sought under a variety of statutes, 28 U.S.C. §§ 1331, 1343(3), 2201, 2202; 42 U.S.C. § 1983. Allegations of constitutional questions under the First and Fourteenth Amendments to the Constitution are made.

The motion to dismiss is well made.

On March 4, 1970, the Floyd County, Kentucky Circuit Court issued a temporary restraining order against a group of parents and citizens which plaintiffs' represent. On October 16, 1970, the matter was presented to the Kentucky Court of Appeals on a Motion for Writ of Mandamus to secure prompt judicial action. An order overruling was entered on November 5, 1970. The Kentucky Court of Appeals, however, invited plaintiffs to reapply for relief if lower court action was not promptly taken. Plaintiffs sought a temporary restraining order in this Court which was denied on April 14, 1972.

The only matter now pending for determination is defendants' motion to dismiss.

 There has been no breakdown in the operation of State Courts, and there is no indication that the State Courts are unable to function timely or with propriety. To the contrary, the plaintiffs have failed to exercise diligently the invitation of the Kentucky Court of Appeals to return if the disposition of the matter at trial level was not timely made. Doubt as to the propriety of Federal Courts enjoining State Courts should be resolved in favor of the State Court proceedings. Atlantic Coastline Railway Company v. Engineers, 398 U.S. 281, 90 S.Ct. 1739, 26 L. Ed.2d 234 (1970); 28 U.S.C. § 2283. The matter does not properly lie within the ambit of 42 U.S.C. § 1983. Plaintiffs seek to substitute the Civil Rights Act for the State appellate procedure. This practice was rejected in Coogan v. Cincinnati Bar Association, 431 F.2d 1209 (6th Cir., 1970).

This Motion to Dismiss the Complaint is Sustained.

It is so ordered.