Robert K. LUSK and wife, Mrs. Linda
G. Lusk, Plaintiffs,

v.

W. G. McDONOUGH, Judge of the Court
of General Sessions, Defendants.

No. CIV–4–74–13.

United States District Court,
E. D. Tennessee,
Winchester Division.

March 18, 1974.

On Motion to Dismiss April 16, 1974.

On Second Motion to Dismiss
Oct. 7, 1974.

**184**

Avon N. Williams, Jr., Russell B. Ennix, and Jimmie Baxter, Nashville, Tenn., for plaintiffs.

Michael D. Galligan, McMinnville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiffs, Mr. and Mrs. Lusk applied to this Court for an order to temporarily restrain the defendant, the judge of the Court of General Sessions of Warren County, Tennessee, from violating their civil rights. *Inter alia,* they claim under oath that Judge McDonough refuses to entertain Mrs. Lusk's appearance in the court over which he presides to answer a traffic citation while she is dressed in slacks.

■■ Among the rights retained by the people under our constitutional form of government is the freedom to govern one's personal appearance subject to reasonable intrusions by the state in furtherance of legitimate state interests.

That right commands the protection of the Federal Constitution, Fourteenth Amendment, Due Process Clause. Crews v. Cloncs, C.A. 7th (1970), 432 F.2d 1259, 1263; Richards v. Thurston, C.A. 1st (1970) 424 F.2d 1281, 1284 [5]; Bishop v. Colaw, C.A. 8th (1971), 450 F.2d 1069, 1075 [5]. Although from the sworn complaint of the plaintiffs, it appears that Judge McDonough may be violating the civil rights of, not only Mrs. Lusk, but all women who appear in the court over which he presides in slacks, it has long been the law in this circuit that 28 U.S.C. § 2283, with certain exceptions which are irrelevant here, " * * * prohibits federal courts from issuing injunctions against state court judges. * * * " Coogan v. Cincinnati Bar Association, C.A. 6th (1970), 431 F.2d 1209, 1210, 1211 [1] citing Sexton v. Barry, C.A. 6th (1956), 233 F.2d 220, 226 [15], certiorari denied (1956), 352 U.S. 870, 77 S.Ct. 94, 1 L.Ed.2d 76.

■ There is subsequent authority in other circuits that federal courts do have the power to issue injunctive relief against the commission of an act in violation of the plaintiff's civil rights by state court judges acting in their official capacity. Erdmann v. Stevens, C. A.2d (1971), 458 F.2d 1205, 1208 [1], citing with approval Law—Students Civil Rights Research Council, Inc. v. Wadmond, D.C.N.Y. (1969), 299 F.Supp. 117, 123 (district court of three judges), affirmed on other grounds (1971), 401 U. S. 154, 91 S.Ct. 720, 27 L.Ed.2d 749; Martarella v. Kelley, D.C.N.Y. (1972), 349 F.Supp. 575, 593 [2–4]; Littleton v. Berbling, C.A. 7th (1972), 468 F.2d 389, 407–409 [5]. However, the Supreme Court granted a stay in the latter matter (1972), 409 U.S. 1053, 93 S.Ct. 547, 34 L.Ed.2d 507, and granted certiorari (1973), 411 U.S. 915, 93 S.Ct. 1544, 36 L.Ed.2d 306. Unless and until the Supreme Court supercedes the rule in the Sixth Circuit, this Court is constrained to follow *Coogan* and *Sexton, supra.*

Application denied.

## ON MOTION TO DISMISS

The defendant moved the Court to dismiss this action for failure to state a claim on which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, in that his conduct, of which the plaintiffs complain, was in the exercise of a judicial function at a time when the defendant, a judge of a state court, had jurisdiction over both the parties and the subject matter. The plaintiffs concede in their brief that the defendant is immune herein from their claim of damages under 42 U.S.C. § 1983, citing Pierson v. Ray (1967), 386 U.S. 547, 553–554, 87 S.Ct. 1213, 18 L. Ed.2d 288, 294–295 [3], [4, 5]. The plaintiffs contend, however, that they continue to have a right to injunctive and declaratory relief.

This Court has earlier declared herein that a federal court in the Sixth Circuit will not enjoin a state court judge. See memorandum opinion and order herein of March 18, 1974. In neither the case of Littleton v. Berbling, C.A. 7th (1972), 468 F.2d 389, which was considered on certiorari sub nom. Spomer v. Littleton (1974), 414 U.S. 514, 94 S.Ct. 685, 38 L.Ed.2d 694, or its companion case of O'Shea v. Littleton * (1974), 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674, did the Supreme Court overrule the principle to that effect in this circuit. Coogan v. Cincinnati Bar Association, C.A. 6th (1970), 431 F.2d 1209, 1210, 1211 [1].

■ Accordingly, the defendant's motion for a dismissal of the plaintiffs' claim hereby is granted as to their claim for monetary damages and injunctive relief. It would be error to treat the plaintiffs' requests for injunctive and declaratory relief as a single issue; although they are not entitled to injunctive relief, this does not necessarily preclude granting the plaintiffs declaratory relief. Steffel v. Thompson (1974), 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505. Such motion hereby is denied as to the plaintiffs' claim for declaratory relief. Sweeney v. City of Louisville, D.C.Ky. (1951), 102 F.Supp. 525, 526 [1], affirmed C.A. 6th (1953) on the opinion of the district judge sub nom. Muir v. Louisville Park Theatre Asso., 202 F.2d 275, vacated on other grounds (1954), 347 U.S. 971, 74 S.Ct. 783, 98 L.Ed. 1112.

## ON SECOND MOTION TO DISMISS

The Court has under advisement the motion of the defendant for a dismissal of this action, on the ground that the plaintiff Mrs. Linda K. Lusk has obtained complete relief in the Circuit Court of Warren County, Tennessee. The Court requested briefs. Order of August 16, 1974. The plaintiffs supplied a brief; the defendant did not. Local Rule 11(b).

■ Despite the lack of diligence on the part of counsel for the defendant, and pretermitting the ground urged by the defendant in support of his motion for a dismissal, this Court is of the opinion that a controversy no longer is presented between the plaintiffs and the defendant. The Court notices judicially that the term of office of the defendant has expired, and he is not empowered at this time to adopt or enforce personally rules of the General Sessions Court of Warren County, Tennessee.

■■ To be cognizable in a federal court, a suit must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advertising what the law would be upon a hypothetical state of facts. North Carolina v. Rice (1971), 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413, 416 [1]. A court will not undertake to decide a question which by a change in

---

* Therein, Mr. Justice White observed that injunctive relief by a federal court against state criminal proceedings would involve ongoing and unmanageable federal court supervision of state criminal proceedings, unduly disrupting such proceedings. O'Shea v. Littleton, *supra*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d at 685[9].

the condition of affairs has become moot, even when the question became moot after the commencement of the suit. 20 Am.Jur.2d 443, Courts, § 381. Thus, where an applicant for admission to a law school challenged its admissions policy for giving discriminatory preferential treatment to applicants for admission of a certain race, but such applicant was admitted and would be entitled to graduate if he fulfilled the requirements regardless of the ultimate resolution of the lawsuit on the merits, the Court could not, consistently with the limitations of the Constitution, Article III, consider the substantive constitutional issues tendered by the parties. DeFunis v. Odegaard (1974), 416 U.S. 312, 318–319, 94 S.Ct. 1704, 1707, 40 L. Ed.2d 164, 170–171 [1]. The Supreme Court stated in a per curiam opinion therein:

\* \* \* \* \* \*

█ It might also be suggested that this case presents a question that is "capable of repetition, yet evading review," Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911); Roe v. Wade, 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147 (1973), and is thus amenable to federal adjudication even though it might otherwise be considered moot. But DeFunis will never again be required to run the gantlet of the Law School's admission process, and so the question is certainly not "capable of repetition" so far as he is concerned. \* \* \*

*Ibid.*, 416 U.S. at 318–319, 94 S.Ct. at 1707, 40 L.Ed.2d at 170. The reverse of that is true: the plaintiffs or the members of the class they represent will not in the foreseeable future be required to run the gantlet of Judge McDonough's "rule of court",[1] and the question is not likely of repetition so far as such judge is concerned.

The controversy between these parties, i. e., whether the judge of an inferior state court may invoke and enforce constitutionally a rule prohibiting females from answering a summons thereto while dressed in slacks, while males are permitted to appear therein while dressed in slacks, became moot when the term of office of the defendant expired pending this action. *Cf.* Coffey v. State (1960), 207 Tenn. 260, 339 S.W.2d 1, 83 A.L.R.2d 1000, 1006 [9].[2] He is no longer situated to deprive the plaintiff Mrs. Lusk or any other member of the class she proposes to represent herein of the protection of the Constitution, Fourteenth Amendment, Due Process Clause, by the enforcement of the aforementioned rule. Thus, there is no real and substantial controversy subsisting between Mr. and Mrs. Lusk, on the one hand, and the defendant, on the other.

█ "\* \* \* Mootness is a jurisdictional question \* \* \*". North Carolina v. Rice, *supra,* 404 U.S. at 246, 92 S.Ct. at 404, 30 L.Ed.2d at 411 [2]. This Court is required to notice its jurisdiction, Farris v. Youngblood, D.C. Tenn. (1965), 248 F.Supp. 598, 599 [1], and where it lacks jurisdiction over the subject matter, to dismiss the action. Rule 12(h)(3), Federal Rules of Civil Procedure. This Court is of the opinion that there is no current controversy between the plaintiffs and the defendant. For such reason, this action hereby is

  Dismissed.

---

1. So far as this record is concerned, this was an unpublished rule, existing in the defendant's mind.

2. The wrongful conduct charged by the plaintiffs herein is personal to the defendant Judge McDonough, despite the fact that he is also sued in his former capacity as the judge of the General Sessions Court of Warren County, Tennessee, and there is no charge that his successor in office will follow Judge McDonough's rule. See Spomer v. Littleton (1974), 414 U.S. 514, 94 S.Ct. 685, 38 L.Ed.2d 694, where the case was remanded for determination of whether there was a current controversy between the plaintiffs and the new state's attorney general.