**Otis Lee CHRISTIAN, Petitioner,**

v.

**Judge George GARRETT, etc., Respondent.**

**No. CIV–2–76–97.**

United States District Court.
E. D. Tennessee,
Northeastern Division.

July 20, 1976.

---

Otis Lee Christian, pro se.

Brooks McLemore, Jr., Atty. Gen. of Tenn., Nashville, Tenn., for respondent.

### MEMORANDUM OPINION, ORDER AND CERTIFICATE

NEESE, District Judge.

The plaintiff (-petitioner) lodged *pro se* with the clerk of this Court on July 6, 1976 a complaint or petition. He was advised by the clerk of the necessity of providing an affidavit as required in 28 U.S.C. § 1915(a) to proceed in forma pauperis herein. On July 14, 1976, the plaintiff-petitioner filed a second and similar complaint or petition, together with a statement satisfying the language of the aforecited section but not sworn-to. In lieu thereof, claiming he could not obtain the services of an official authorized to administer oaths, Mr. Christian caused his statement in such language to be "witnessed" by six of his fellow-inmates.

Mr. Christian admitted in his complaints (petitions) that he is mentally ill and an alcoholic. Under these circumstances, the Court allowed him to proceed herein in for-ma pauperis, subject to his supplying the required affidavit at some future time when an official authorized to administer oaths may be available to him.

The thrust of Mr. Christian's complaints is against Honorable George Garrett, judge of the General Sessions Court of Sullivan County, Tennessee, Part II. He claims that Judge Garrett adjudged him guilty of public drunkenness, fined him $10 and costs, sentenced him to 60 days in jail, and suspended both the fine and sentence and placed him on probation on the condition that he return voluntarily to Eastern State Hospital, a public mental institution. Mr. Christian claims that he was then confined in the city jail in Kingsport, Tennessee and afterward in the county jail of Sullivan County, Tennessee.

In the context of an application for the federal writ of habeas corpus, Mr. Christian claims that Judge Garrett is detaining him in violation of his right against cruel and unusual punishment as guaranteed him by the Constitution, Eighth Amendment, because of the conditions in the institutions in which he has been confined. It is obvious to this Court that Mr. Christian is not detained by Judge Garrett; further, Mr. Christian has not exhausted the remedies available to him in the courts of Tennessee, so this Court cannot grant his application for the federal writ of habeas corpus. 28 U.S.C. § 2254(b).

In the context of an action against Judge Garrett under 42 U.S.C. § 1983, to which Mr. Christian referred in his complaints, he failed to state a claim on which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. A judge is immune from an action under the Civil Rights Act, where his acts complained of were done in the exercise of his judicial function at a time when he had jurisdiction over both the parties and the subject matter of the litigation. *Phipps v. Armour,* D.C.Tenn. (1971), 335 F.Supp. 768, 769[2]. A Tennessee general sessions judge enjoys this immunity. *Cf. Cameron v. Brock,* civil action no. 2587, this district and division,

memorandum opinion and order of October 8, 1972, affirmed C.A. 6th (1973), 473 F.2d 608, and *Lusk v. McDonough,* D.C.Tenn. (1974), 386 F.Supp. 183, 185 (where this point was conceded).

As to both claims of Mr. Christian, therefore, this action hereby is DISMISSED for the reasons assigned. Should Mr. Christian give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed in forma pauperis as to his claim under 42 U.S.C. § 1983. Rule 24(a), Federal Rules of Appellate Procedure. He is not authorized to proceed thereon as to his application for the federal writ of habeas corpus, because he is by-passing state procedures; and such an appeal would not be taken in good faith. 28 U.S.C. § 1915(a). Any such notice will be treated also as an application for a certificate of probable cause, which will NOT issue, Rule 22(b), Federal Rules of Appellate Procedure, because Mr. Christian is not detained by the respondent Judge Garrett, and he has by-passed deliberately available state procedures in the courts of Tennessee.