Roger J. BUCK et al.,
Plaintiffs-Appellants,

v.

OHIO COURT OF APPEALS, NINTH
JUDICIAL DISTRICT, et al.,
Defendants-Appellees.

No. 76-1257.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 7, 1977.

Decided and Filed April 29, 1977.

Ovid C. Lewis, University Heights, Ohio, Walter J. Vogel, Akron, Ohio, for plaintiffs-appellants.

William E. Schultz, Akron, Ohio, for defendants-appellees.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and SILER,* District Judge.

PER CURIAM.

Plaintiffs Roger and Dorothy Buck had prevailed in a jury trial in a negligence action arising out of a swimming accident at a beach owned by Cottage Grove Community Beach Association, Inc. The jury verdict for injuries which rendered Roger a paraplegic was $331,000.

On appeal to the Court of Appeals of Ohio, the defendant in this appeal, at oral argument a member of the Ohio appellate court raised the question as to whether one of Ohio's guest statutes was applicable to the negligence action involved. Counsel for the plaintiffs and defendants in the state case both agreed that the guest statutes were not relevant and no further argument was made on that issue.

Subsequently, the Court of Appeals reversed the judgments of the lower court in the negligence action, holding that O.R.C. §§ 1533.18 and 1533.181 were controlling and remanded the case for dismissal. Thereafter plaintiffs Buck sought to appeal to the Ohio Supreme Court, which denied certification on the ground that no substantial constitutional question was involved. No appeal was sought to the Supreme Court of the United States.

Subsequently, plaintiffs filed the instant litigation against the Ohio Court of Ap-

---

* Honorable Eugene E. Siler, Jr., United States District Judge for the Eastern and Western Districts of Kentucky, sitting by designation.

peals, Ninth Judicial District, seeking equitable relief under 42 U.S.C. § 1983 (1970). They sought an order from the District Court to compel the state court to grant them a hearing, presumably on the applicability of the two sections of the Ohio guest statutes.

They rely upon *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), as authority for federal jurisdiction in this matter.

Our review of this record impels us to affirm the judgment of the District Court dismissing this action. We are able to perceive no breach of federal due process where appellants had a complete hearing before the Common Pleas Court of Ohio and prevailed therein, where the Ohio Court of Appeals heard the appeal and *sua sponte* reversed on a construction of Ohio law which had apparently not been argued before the Court of Appeals, and where appellants' due process claims were presented to the Ohio Supreme Court and rejected by that body, and no attempt was made to appeal that decision to the United States Supreme Court. There is, of course, no right of appeal thereafter, and federal constitutional attack upon a final state court judgment is only permissible under exceptional circumstances. *See Getty v. Reed*, 547 F.2d 971 (6th Cir. 1977).

Under these circumstances, the language employed by the United States Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923), is particularly applicable: "[N]o court of the United States other than this Court could entertain a proceeding to reverse or modify the judgment for errors of that character. * * * To do so would be an exercise of appellate jurisdiction."

The judgment of the District Court is affirmed.