815 F.2d 701
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald J. BORGQUIST, Plaintiff-Appellant,
v.
Robert W. CARR, Kenneth Hemstead, Peter J. Donlin
"Ex-Waterford Township Attorney", Walter Bedell,
"Ex-Waterford Township Assistant Attorney", Frederick Ziem
"Oakland County Circuit Court", and the STATE of Michigan,
Defendants- Appellees.
 No. 86-1828.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1987.
 
 1
 Before KRUPANSKY and BOGGS, Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 The plaintiff moves for pauper status on appeal from the district court's order dismissing his civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff lives in Waterford Township, Michigan. The Township initiated state court proceedings to force the plaintiff to connect his house to the Township sewer line. The state district court denied the plaintiff's constitutional challenges. The plaintiff appealed to the state circuit court, which subsequently dismissed the appeal on procedural grounds. The plaintiff then filed papers in the district court which asserted the constitutional issues he raised in the state courts and argued that the dismissal of his state court appeal violated his due process rights.
 
 
 4
 The district court held that the papers filed by the plaintiff did not constitute an adequate complaint. The district court gave the plaintiff thirty days in which to file a formal complaint. The plaintiff did file papers within the thirty days, but none of them were in the form of a formal complaint. The district court then entered an order dismissing the case for failure to file such a complaint.
 
 
 5
 The district court erred in dismissing the case for that reason. The general rule is that pro se civil rights complaints are held to a less stringent standard than the formal pleadings drafted by a lawyer. Haines v. Kerner, 404 U.S. 519, 520 (1972). Here the papers filed by the plaintiff clearly alleged constitutional violations and requested monetary and injuctive relief. So the district court should have construed the papers as a complaint and addressed the case.
 
 
 6
 Nevertheless, the order of the district court may be affirmed on another basis, and is correct. City of Cleveland v. Cleveland Electric Illuminating Co., 570 F.2d 123, 128 (6th Cir.1978). In essence, the plaintiff is attempting to use the Civil Rights Act to collaterally attack a state court judgment. This he cannot do. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Coogan v. Cincinnati Bar Association, 431 F.2d 1209, 1211 (6th Cir.1970) (per curiam ); Buck v. Ohio Court of Appeals, 554 F.2d 766, 767 (6th Cir.1977) (per curiam ); Johns v. Supreme Court of Ohio, 753 F.2d 524, 527 (6th Cir.), cert. denied, 106 S.Ct. 79 (1985). The district court does not have jurisdiction over a challenge to a state court decision in a particular case even if the challenge alleges that the state court's action was unconstitutional. Review of such decisions must be made in the United States Supreme Court. Feldman, supra, at 486. When the plaintiff's circuit court case was dismissed, he should then have appealed to the state appellate court. Because he failed to do so, he cannot now obtain review of the state court proceeding in this civil rights action.
 
 
 7
 The motion for pauper status is granted. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation