106 F.3d 401
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas H. STARKS, Plaintiff-Appellant,
v.
LaSandre M. STARKS; Hamilton County; William S. Abernethy,
Jr., Executor; Straus & Troy; B.D. Robinson,
Defendants-Appellees.
 No. 96-3201.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1997.
 
 Before: GUY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Thomas H. Starks, a pro se Ohio litigant, appeals a district court judgment dismissing as frivolous his civil rights complaint filed under 42 U.S.C. §§ 1981, 1982, 1983, and 1985(3). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking $7,521,300 in monetary damages and requesting that his state court divorce action "be returned to the trial court for proper disposition," Starks sued his ex-wife (LaSandre M. Starks), his former father-in-law (B.D. Robinson), Hamilton County, Ohio, his ex-wife's attorney (William S. Abernethy, Jr.), and the law firm of Straus & Troy. Starks alleged that the defendants violated his rights under the Equal Protection Clause and Due Process Clause. He also alleged that the defendants conspired to violate his civil rights. In support thereof, Starks challenged the decisions of the state trial and appellate courts pertaining to divorce proceedings initiated by his ex-wife. He also took issue with the domestic relations referee's determination of financial matters pertaining to the divorce.
 
 
 3
 The district court dismissed Stark's complaint as frivolous because it lacked an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). After unsuccessfully seeking in forma pauperis status on appeal, Starks paid the filing fee and now appeals the district court's judgment. Starks also moved to require the defendants to file briefs on appeal. On October 3, 1996, Starks withdrew his motions to compel the defendants to file briefs and moved for a "directed verdict."
 
 
 4
 On appeal, Starks reasserts the claims he set forth in the district court.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion. See Denton v. Hernandez, 504 U.S. 25, 33-34 (1992); Gibson v. R.G. Smith Co., 915 F.2d 260, 261 (6th Cir.1990). The district court properly declined review of the state courts' determinations regarding the division of property. Although Starks couches his claims in terms of due process violations, he essentially seeks reconsideration of state court determinations regarding division of marital property. Traditionally, federal courts have declined to accept jurisdiction in disputes involving domestic relations which are subject to state law and state court disposition. Hooks v. Hooks, 771 F.2d 935, 942 (6th Cir.1985), Zak v. Pilla, 698 F.2d 800, 802 (6th Cir.1982) (per curiam). Despite framing his complaint in a civil rights context, Starks clearly reveals in his complaint that he is dissatisfied with the state courts' application of state law. Federal courts accept jurisdiction in domestic relations cases to determine tort, contract or civil rights claims only when the underlying domestic relations issues are not in question. Hooks, 771 F.2d at 942. In this case, Starks clearly brings the underlying domestic relations issues into question by challenging the property settlement and asking for a redivision of property.
 
 
 6
 In addition, the district court properly declined to exercise jurisdiction of Starks's request for injunctive relief. Starks seeks injunctive relief in the form of a new state trial or a judgment reversing the state courts' decisions. Collateral attacks on state court judgments are not allowed under § 1983. Buck v. Ohio Court of Appeals, 554 F.2d 766, 767 (6th Cir.1977).
 
 
 7
 Accordingly, all pending motions are denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's order dated January 23, 1996.