Charles Earnest **CAUGHORN**, Plaintiff,

v.

Paul **PHILLIPS**, District Attorney General for the 8th Judicial District of Tennessee, Pamala A. Kissel, Assistant District Attorney General for the 8th Judicial District of Tennessee, Billy Joe White, Chancellor for Claiborne County, Tennessee, and Ruth Ann Lawson Caughorn Lawson, Defendants.

No. 3:97–CV–0582.

United States District Court, E.D. Tennessee.

Aug. 14, 1997.

Charles E. Caughorn, Knoxville, TN, Pro Se.

Mary M. Bers, State of Tenn., Office of Atty. General, Nashville, TN, Robert M. Estep, Estep & Estep, Tazewell, TN, for Defendants.

### MEMORANDUM OPINION

JORDAN, District Judge.

The plaintiff filed his complaint *pro se* on August 5, 1997 [doc. 1]. While there is no statement in the complaint of any federal statute on which the plaintiff relies to invoke this court's subject-matter jurisdiction, it appears that the plaintiff is suing under 42 U.S.C. § 1983 for alleged deprivations under color of State law of rights, privileges, or immunities secured to the plaintiff by the Constitution and laws of the United States. The plaintiff alleges that after he and his former spouse were divorced, the former spouse obtained public assistance, and the State of Tennessee or a county or municipality of the State then pursued the plaintiff, apparently to recover alleged child support obligations.

The plaintiff alleges in his complaint that the defendant Assistant District Attorney General Kissel brought such a proceeding against the plaintiff in the Claiborne County, Tennessee, Chancery Court, and that this defendant could have served process on the plaintiff in the suit in chancery, but did not do so. The plaintiff complains that the defendant Assistant District Attorney General Kissel convinced the defendant Chancellor White to attach the plaintiff's Social Security benefits without service of process on the plaintiff in the suit in chancery. The plaintiff complains that the defendant assistant district attorney general and the defendant chancellor thereby violated the plaintiff's federal constitutional rights "to face his accuser and to have a trial by jury," and that if these defendants go forward with another scheduled proceeding before the chancery court scheduled on September 25, 1997, this will violate the right against double jeopardy.[1] The plaintiff also pleads what are apparently pendent State-law claims for malicious prosecution and intentional infliction of mental or emotional distress on the basis of this factual allegation.

The plaintiff alleges also in his complaint that the defendant Assistant District Attorney General Kissel defamed him in correspondence with a member of the United States Congress. The court cannot ascertain in the plaintiff's complaint any statement of a cause of action or claim for relief against the defendant District Attorney General Paul Phillips, or against the defendant Ruth Ann Lawson Caughorn Lawson, the plaintiff's former spouse.

■ This civil action is before this court at this time for consideration of the plaintiff's

---

1. The Sixth Amendment right of an accused "to be confronted with the witnesses against him," the Sixth Amendment right to trial "by an impartial jury of the State and district wherein the crime shall have been committed," and the Fifth Amendment right not to "be subject for the same offence to be twice put in jeopardy of life or limb," made applicable to the States by § 1 of the Fourteenth Amendment, apply by their terms to criminal proceedings only. It appears from the plaintiff's complaint that he is complaining of federal civil rights violations alleged to have been committed in the course of a proceeding in chancery, not in a criminal prosecution. The court admonishes the plaintiff that "[b]y presenting to the court ... a pleading, written motion, or other paper, an ... unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed.R.Civ.P. 11(b)(2). Rule 11 provides significant sanctions for violations of this and other rules set forth in Rule 11.

motions [docs. 2 and 3] for restraining orders against the defendant Assistant District General Kissel and the defendant Chancellor White. The plaintiff asks that these defendants be restrained from involvement in case no. 7340 pending before the Claiborne County Chancery Court. The stated ground for the motion against the defendant assistant district attorney general is, "Plaintiff feels that Pamela A. Kessel can not properly conduct matters concerning the above case while she is a co-defendant in a Feceral (sic) Court proceeding brought against her by your plaintiff." The stated ground for similar relief against the defendant Chancellor White is, "Plaintiff feels that Chancellor White can not properly rule in those actions while he is a co-defendant in a Feceral (sic) court proceeding brought against him by your plaintiff."

There are several grounds for denying these motions. Fed.R.Civ.P. 65(b) provides in part,

A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

This court requires strict compliance with the rule before considering or granting an *ex parte* application for a temporary restraining order, considering the extraordinary nature of such relief.

This court has resisted previously attempts to use federal civil rights law to bring before the court domestic relations matters not otherwise within the court's subject-matter jurisdiction. In *Hess v. Hess*, 950 F.Supp. 226 (E.D.Tenn.) (per Jordan, USDJ), *affirmed*, 103 F.3d 129 (6th Cir.1996) (Table), *petition for cert. filed*, 65 U.S.L.W. 3783 (U.S. Feb. 18, 1997) (No. 96–1827), this court noted that it had no jurisdiction to sit as an appellate court to review decisions made in the courts of the various States, and that federal district courts are not possessed of the comprehensive domestic relations jurisdiction of the State trial courts. Furthermore, it appears that the plaintiff might have available to him procedural remedies which this court cannot provide. *See, e.g.,* Tenn. R. Civ. P. 60 (Relief from Judgments or Orders), and Tennessee R.App. P. 3(a) (Availability of Appeal as of Right in Civil Actions).

■ The Anti–Injunction Act, 28 U.S.C. § 2283, provides, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." In general, the act prohibits federal courts from issuing injunctions against State-court judges. *Coogan v. Cincinnati Bar Association*, 431 F.2d 1209, 1210–11 (6th Cir.1970); *accord, Lusk v. McDonough*, 386 F.Supp. 183, 184 (E.D.Tenn.1974). While the plaintiff seeks not injunctive relief prohibiting the continuation of the proceedings in chancery, but a restraining order prohibiting the defendant assistant district attorney general and the defendant chancellor from participating in those proceedings, the effect of granting the temporary restraining orders sought by the plaintiff would nonetheless be substantial interference by a federal court in proceedings in a State court. While 42 U.S.C. § 1983 falls within the "expressly authorized by Act of Congress" exception provided in the Anti–Injunction Act, *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), the plaintiff here has neither pleaded with clarity a cause of action under § 1983 nor made a showing that he is likely to succeed on the merits of a § 1983 claim against either the defendant assistant district attorney general or the defendant chancellor. Furthermore, a determination that 28 U.S.C. § 2283 does not prohibit injunctive relief in this case does not *compel* an award of such relief, for principles of equity, comity, and federalism, *see Mitchum v. Foster, supra*, at 243 and 244, 92 S.Ct. at 2162–63 and 2163 (Burger, C.J., and White and Blackmun, JJ. concurring), weigh heavily against enjoining a Tennessee assistant district attorney general and a Tennessee chancellor from performing their respective functions. "Since

the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris,* 401 U.S. 37, 43, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971).

In sum, in moving for temporary restraining orders against the defendant assistant district attorney general and defendant chancellor, the plaintiff has not shown a likelihood of success on the merits of his claims against these defendants in this civil action, has not shown that he faces the prospect of irreparable injury for which he does not have other legal remedies, and has, if anything, presented a case in which public policy weighs heavily against granting any form of extraordinary relief. The court will accordingly deny the plaintiff's motions for temporary restraining orders.